GEORGE CAMPBELL & another *vs.* DWIGHT R. STETSON & another.

Where a lessee sublets the demised premises for a part of the term, the original lessor cannot recover rent of the sub-lessee.

The Rev. Sts. *c.* 60, §§ 22, 23, do not declare by what acts a right to rent shall be created, vested, or transferred ; but merely declare how it may be apportioned and recovered when it is due.

DEBT for rent. The facts, as agreed by the parties, were these : The plaintiffs demised their tavern stand, in Pittsfield, to L. Brown, for one year from April 1st 1838, at a rent of $ 300, payable quarterly. Brown gave the defendants a written lease of said demised premises from December 20th 1838, to February 1st 1839, under which they occupied, and for which occupation they paid Brown according to the terms of said lease. They also held over until February 17th 1839.

If the plaintiffs can recover, judgment to be rendered for them for such proportion of $ 300 as the defendants are liable to pay them.

*Rockwell*, for the plaintiffs.

*E. H. Kellogg*, for the defendants.

SHAW, C. J. Here was no assignment of the term to the defendants, by the first lessee. It was an under-lease, creating a new and distinct term, for a part of the original term. The case of *Gamon* v. *Vernon*, 2 Lev. 231, and T. Jon. 104, was cited. There the lessee assigned a moiety of the land for the whole term, and it was held that the lessor might maintain debt against the assignee, and recover a moiety of the rent. But the plaintiffs relied mainly upon the provisions of the Rev. Sts. *c.* 60, §§ 22, 23. Section 22d declares that every person in possession of land, *out of which any rent is due*, shall be

liable for a proportion of the rent, &c. Section 23d gives an action of debt to recover rent. These are part of a series of provisions respecting long terms, where a rent is reserved, and where the lands, out of which such rents are to issue, are to be treated as real estate, and as such may be divided and subdivided, by descent, partition, levy of execution, and otherwise, with various detailed provisions in regard to terms and the apportionment and recovery of rents. But these statutes do not declare when and by what acts a right to rent shall be created, vested, and transferred ; but only declare how it may be recovered when it is due ; that is, apportioned and recovered in an action of debt. They are intended to prescribe remedies ; not to establish rights ; and do not affect the question, whether an under-lease, like the present, gives a right to the landlord to recover of the sub-lessee.

*Judgment for the defendants.*